179 N.J. Super. 332 (1981)
432 A.2d 106
TOWNSHIP OF VERNON, DEFENDANT-APPELLANT AND CROSS-RESPONDENT,
v.
CITY OF NEWARK, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 14, 1981.
Decided May 6, 1981.
*333 Before Judges MATTHEWS, MORTON I. GREENBERG and J.H. COLEMAN.
Rosenblum & Rosenblum, attorneys for appellant (Leo Rosenblum, of counsel).
Philip Elberg, Special Counsel, attorney for respondent.
PER CURIAM.
This appeal involves five parcels of land in the Township of Vernon which are part of the 35,000-acre Pequannock Watershed purchased by Newark in 1900 to provide a water supply. Three of the parcels are substantial in size, measuring over 1,000 acres. Vernon's assessments of the five tax lots for 1973, 1974, and 1976 were as follows:

 Per Acre
 Block Lot Acreage Assessment Assessment
 203 1 1,998 $1,000 $1,998,000
 203 1A 292 1,100 321,000
 210 7 1,588 850 1,348,800
 240 2 1,506 512 771,000
 240 5 40 1,550 62,000
 _____ __________
 5,424 $4,500,800

As of October 1, 1972, effective for the tax year 1973, all of the subject properties under appeal were zoned A-1 Residential District. On March 3, 1973, however, effective for the tax year 1974, Vernon rezoned the properties to Conservation District, thus severely restricting the permitted uses of the land.
Newark appealed the assessments imposed for 1973, 1974 and 1976 to the Division of Tax Appeals (now Tax Court of New Jersey). The cases were consolidated and tried before Judge *334 Evers. The experts for the respective parties based their appraisals on the comparable sales approach. This method of analysis assesses the value of the land in question through a comparison of the value of similar parcels, as evidenced by their purchase prices.
Judge Evers, in a reported opinion dated April 1, 1980, 1 N.J. Tax 90 reduced the 1973 assessment from $4,500,800 to $4,074,252, and the 1974 and 1976 assessments from $4,500,800 to $2,037,126.
Vernon filed a notice of appeal and Newark cross-appealed from that part of the Tax Court's judgment which did not find discrimination by Vernon in its assessment practices for 1974 and 1976. No discrimination was alleged for 1973 because that was the year of revaluation for everyone. That theoretically put all property at true value. From our review of the record as a whole, we are satisfied that Vernon's contentions are clearly without merit, substantially for the reasons expressed by Judge Evers in his reported opinion.
In the cross-appeal Newark contends that Vernon's assessment practices for the years 1974 and 1976 were discriminatory because Vernon did not lower its assessments after it amended the zoning from residential to conservation, causing Newark's property to decrease in value during a period when the value of property generally increased. Moreover, Newark claims that Vernon did not assess all properties at a common level and that the coefficient of deviation between sales and assessments exceeded 20%. Therefore, Newark concludes, it is entitled to apply the State Director's ratio of 80.44% of true value as the common level of assessment for the years 1974 and 1976.
It is established law that in order to be entitled to discrimination relief the taxpayer must demonstrate "that its property was impervious to the general rising trend in value of property in the borough or that [there was] a substantial disparity between the ratio of assessment to true value in its case and the level at which properties were generally being valued...." *335 Fort Lee v. Hudson Terrace Apartments, 175 N.J. Super. 221, 235 (App.Div. 1980). Thus, it was incumbent upon Newark to show that the general standard of valuation, if one is discernible, was more favorable than that applied in the assessment of its property. Tri-Terminal Corp. v. Edgewater, 68 N.J. 405, 409 (1975), cert. den. 425 U.S. 958, 96 S.Ct. 1739, 48 L.Ed.2d 203 (1976). If there is no common level shown  that is, the "ratio to our percentage of full true value at which property generally [is] assessed in the municipality"  and there is no common level which the assessor endeavors to apply, then the average ratio of the Director of Taxation "may be used as prima facie evidence of the level to which the true value of the property may be reduced if substantially greater than such ratio." In re Appeal of Kents, 2124 Atlantic Ave., Inc., 34 N.J. 21, 31 (1961); Tri-Terminal Corp., supra, 68 N.J. at 410, n. 3. And, a wide range of ratios of assessments to sales prices does not necessarily prove an absence of a common level. Id. at 413. The accepted "common level range," however, is plus or minus 15% of the State Director's average ratio. Piscataway Assoc., Inc. v. Piscataway Tp., 73 N.J. 546, 555 (1977); see Fort Lee, supra, 175 N.J. Super. at 237, n. 12.
Here, Newark's expert claimed that there was no common level of assessment in Vernon in 1974 and 1976. It was his opinion that certain sales ranged over a broad spectrum and that the general coefficient was in excess of 20% for the years in question. That expert initially testified that, because of the zoning, Newark's property decreased in value during a period of time when the general value of property in the community appeared to rise. He later stated, however, that "in the large acreage there probably has been less of an upward trend." At a subsequent trial date the expert stated that land values for small parcels did not increase between 1973 and 1975, and that he could not conclude that land values in general in Vernon Township appreciated during 1973-1975.
*336 Our review of the record persuades us that Newark failed to establish a case of discrimination. It did not prove that its property was being assessed on a less favorable basis than that of other property in Vernon, see Kents, supra, 34 N.J. at 31-32, or, that the value of its land did not rise in the same proportion as that of other taxpayers in the district. The impact of the zoning change on the value of the lands was incorporated in Judge Evers' determination to reduce the assessments.
Affirmed.